UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RODNEY TURNER ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| ALW SOURCING, LLC ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Rodney Turner, by and through his undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

### I.     INTRODUCTORY STATEMENT

1.     Plaintiff, Rodney Turner, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.     JURISDICTION

2.     Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant maintains an address in this District.

### III.   PARTIES

4.      Plaintiff, Rodney Turner ("Plaintiff") is an adult natural person residing at 2500 Frederick Road, Apartment 122, Claremore, OK 74019.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, ALW Sourcing, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability corporation engaged in the business of collecting debt within the State of Oklahoma and the Commonwealth of Pennsylvania with an address located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

6.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7.      In or around February, 2011, Plaintiff was issued a new phone number.

8.       In or around March, 2011, Plaintiff began receiving phone calls from Defendant on Plaintiff's new phone number.

9.      Plaintiff has informed Defendant's agents that Defendant has the wrong phone number and that Plaintiff is not the person Defendant is looking for.

10.     Defendant continues to contact Plaintiff on a daily basis despite being told Defendant has the wrong phone number.

11. Defendant leaves automated voicemails on Plaintiff's answering machine stating, "ALW Sourcing, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please return the call to "Ron Jackson" at 888-379-4884. Again, that is "Ron Jackson" at 888-379-4884. Thank you. ALW Sourcing is a debt collection company. This is an attempt to collect a deb and any information obtained will be used for that purpose."

12. Defendant's voicemail message fails to state the name of the individual they are attempting to contact or a reference number.

13. Each time Plaintiff has received a voicemail from Defendant, Plaintiff has attempted to return the call to "Ron Jackson" to clear up the issue and have the phone calls stopped. However, Plaintiff is always told that "Ron Jackson" is unavailable.

14. Plaintiff has spoken to multiple agents of Defendant as well as with a "supervisor" of Defendant, all of whom will not tell Plaintiff who Defendant is trying to reach unless Plaintiff confirms Plaintiff's name and phone number.

15. Defendant's agents claim that when they look up Plaintiff's phone number in Defendant's system, nothing comes up and that there is no record of Plaintiff's phone number.

16. Defendant's agents ask Plaintiff for his name and when Plaintiff tells them, Rodney Turner, Defendant's agent tells Plaintiff that Defendant has several Rodney Turners in their system but none are located in Oklahoma where Plaintiff resides.

17. Despite the fact that Plaintiff has told Defendant on several occasions that Defendant has the wrong phone number and Defendant's agents have claimed that Plaintiff's phone number is not in their system, Defendant's daily phone calls continue.

18. On or around March 22, 2011, Plaintiff received yet another phone call from Defendant.

19. Defendant's agents continue to call and yet they claim that Defendant is not calling Plaintiff, contrary to saved voicemails on Plaintiff's answering machine.

20. Plaintiff has never received anything through the mail from Defendant in regard to an alleged debt and therefore confirms that the alleged debt does not belong to Plaintiff.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1): | At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

      §§ 1692e(10):      Any false representation or deceptive means to collect a debt or obtain information about a consumer

      §§ 1692f:      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, ALW Sourcing, LLC and Order the following relief:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – TCPA

29.    The above paragraphs are hereby incorporated herein by reference.

30.    At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

31.    The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

    a.    The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

  b. The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

  c. The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

  **WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, ALW Sourcing, LLC and Order the following relief:

  a. Actual damages;

  b. Statutory damages;

  c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

  d. Treble damages.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

          **Respectfully submitted,**

          **WARREN & VULLINGS, LLP**

**Date:   March 23, 2011**

          **BY: /s/ Brent F. Vullings**

Brent F. Vullings, Esquire
Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800    Fax 215-745-7880
Attorney for Plaintiff